```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
   RABINDRANAUTH PERSAUD,                                    :
                                                             :
                              Plaintiff,                     :    24-MC-0505 (JHR) (RWL)
                                                             :
              - against -                                    :
                                                             :    **DECISION AND ORDER:**
   UNITED STATES SECURITIES AND                              :    **MOTION TO QUASH**
   EXCHANGE COMMISSION,                                      :
                                                             :
                              Defendant.                     :
                                                             :
-------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Rabindranauth Persaud ("Persaud" or "Plaintiff"), proceeding *pro se*, moves to quash three subpoenas (the "Subpoenas") issued by the United States Securities and Exchange Commission ("SEC" or "Defendant") for financial records. The Subpoenas require the production of financial records for an investigation into RRTP Consulting Services, LLC ("RRTP"), for which Persaud was a registered agent. The SEC issued the Subpoenas pursuant to Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchanges Act of 1934. Persaud challenges the Subpoenas through a procedure provided by another statute, the Right to Financial Privacy Act of 1978 ("RFPA," or the "Act"), 12 U.S.C. § 3410, that allows customers of financial institutions to challenge the issuance of investigative subpoenas seeking their financial records if the financial records sought "are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice." (Dkt. 1 at ECF 4.) For the reasons set forth below, Plaintiff's motions to quash the Subpoenas is DENIED.

1

## BACKGROUND[1]

Public records show Persaud is not registered with the SEC as an investment advisor or registered representative of a broker-dealer. (SEC Opp. at 3.) In an informal investigation into potential misconduct related to Persaud and RRTP, the SEC obtained Persaud's brokerage records from TD Ameritrade ("TD") and its successor, Charles Schwab, which reflect numerous transactions of interest during 2023 and 2024. (*Id.* at 2.) For instance, the records reflect checks deposited that were payable to Persaud's broker-dealer, not Persaud himself. (*Id.*) Many of those checks had the term "investment" written in the memo field. (*Id.*) The records also show that Persaud deposited hundreds of thousands of dollars from his personal bank account at Chase Bank to his TD Ameritrade/Schwab brokerage account, which Persaud then used to trade securities, incurring short-term trading losses of approximately $700,000. (*Id.*) Around the same time frame, Persaud transferred over a million dollars from his brokerage account to his Chase Bank account. (*Id.*) In the last quarter of 2023, Persaud distributed $446,000 from his brokerage account to several individuals and entities, some of which were among the individuals who gave Persaud checks designated for investment. (*Id.*)

On August 8, 2024, the SEC interviewed Persaud to determine the nature of the "investment" notation on the checks. (*Id.* at 3.) Persaud stated that he made the notation

---

[1] The background is drawn from the SEC's Opposition to Motion to Quash (Dkt. 5) ("**SEC Opp**.") and Persaud's Reply Memorandum in Support of his Motion to Quash (Dkt. 7) ("**Persaud Reply**"). Persaud did not include a statement of facts or a memorandum of law with his motions to quash. (*See* Motions to Quash for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 (Dkts. 1, 1-1, 1-2).) Pursuant to 12 U.S.C. § 3410(b), Sheldon Mui, an attorney with the SEC's Division of Enforcement, has sworn to the facts set forth in the SEC's Opposition to Motion to Quash. (SEC Opp. at 14.)

2

and denied that he received money to invest on behalf of others.  (*Id.*)  The SEC claims that handwriting inconsistencies and phrasing on the checks raise doubt as to Persaud's claim that he wrote "investment" on the checks.  (*Id.*)  Persaud denies that this interview even took place.  (Persaud Reply at 4.)

On September 18, 2024, the SEC opened a formal investigation, issuing an Order Directing a Private Investigation and Designating Officers to Take Testimony (the "Formal Order") for *In the Matter of RRTP Consulting Services, LLC* (SEC File No. NY-10882). (SEC Opp. at 3.)  The Formal Order directed SEC staff to investigate whether RRTP or other related persons violated the antifraud provisions of the federal securities laws, including Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, issued thereunder, 17 C.F.R. § 240.10b-5.  (*Id.* at 3-4.)  The Formal Order gave SEC staff authority to issue subpoenas in the investigation.  (*Id.* at 4.)  Pursuant to the Formal Order, the SEC issued the three Subpoenas.  On October 1, 2024, the SEC issued one of the Subpoenas to TD Bank, N.A. (the "TD Subpoena") and another to J.P. Morgan Chase Bank, N.A. (the "Chase Subpoena").  (*Id.* at 4.)  The next day, October 2, 2024, the SEC issued the third Subpoena to Persaud individually (the "Persaud Subpoena").  (*Id.*)

The SEC issued the Subpoenas to "determine whether Persaud was obtaining money from investors and whether he made any misrepresentations about his use of these funds." (*Id.*)  The TD and Chase Subpoenas required the banks to send information about the source of the funds transferred into Persaud's brokerage account and the spending activity of the funds sent from Persaud's brokerage account into his personal account.  (*Id.*)  As required by the RFPA, the SEC gave Persaud notice for the TD and

3

Chase Subpoenas providing an explanation of the customer-challenge procedure afforded by the RFPA, including the deadline for filing a challenge in court. (Dkt. 1 at ECF 5-7; Dkt. 1-1 at ECF 5-7.)

Persaud filed a challenge to each of the Subpoenas to prevent the SEC from obtaining access to his financial records pursuant to the customer-challenge provisions of the RFPA. His principal argument is that "the financial records sought by the United States Securities and Exchange Commission are not relevant to the legitimate law enforcement inquiry," because there is "no proof of any illegal complaint." (Dkt. 1 at ECF 4; Dkt. 1-1 at ECF 3; Dkt. 1-2 at ECF 4.) Persaud executed certificates of service stating that on October 10, 2024, he mailed to the SEC copies of the motions to quash. (Dkt. 1 at ECF 3; Dkt. 1-1 at ECF 4; Dkt. 1-2 at ECF 3.) The postmark on the envelope received by the SEC was dated October 16, 2024, not October 10, 2024. (SEC Opp. at 9.)

The motions were entered on the docket by the Southern District of New York's Clerk Office on November 1, 2024. (*See* Dkt. 1.) The motion papers are dated October 10, 2024, but the cover letter sent to the Clerk of Court bears no date. (Dkt. 1 at ECF 2; Dkt. 1-1 at ECF 2; Dkt. 1-2 at ECF 2.)

## LEGAL STANDARD

The RFPA imposes an obligation on the SEC to notify persons directly affected by subpoenas. *Securities and Exchange Commission v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745, 104 S. Ct. 2720, 2726-27 (2017). The Act also provides a path for a customer to challenge a subpoena issued to a bank seeking the customer's financial records. *See* 12 U.S.C. § 3410. The RFPA creates a "narrow" window during which time sovereign immunity is waived for this limited purpose. *Mackey v. United States Securities and*

4

*Exchange Commission*, No. 96-MC-407, 1997 WL 114801, at *1 (D. Conn. Feb. 21, 1997); *see also Jerry T. O'Brien*, 467 U.S. at 746 (observing that "a customer's ability to challenge a subpoena [under § 3410] is cabined by strict procedural requirements"). Specifically, a customer seeking to challenge a subpoena pursuant to the RFPA must do so "[w]ithin ten days of service or within fourteen days of mailing of a subpoena, summons, or formal written request." 12 U.S.C. § 3410(a). The movant must be a "customer of the financial institution from which financial records pertaining to him have been sought" and must state "reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter." *Id.* § 3410(a)(1), (2). If the court finds "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application." *Id.* § 3410(c).

## DISCUSSION

The Court has no basis to quash any of the three Subpoenas. The Court lacks subject matter jurisdiction over the Persaud Subpoena because the federal government has not waived sovereign immunity for persons suing the government to quash subpoenas served on them individually. Although sovereign immunity is not a bar to Persaud's motions to quash the bank Subpoenas, those motions fail for other reasons. The TD Subpoena is moot because TD has no responsive documents, and Persaud's challenge to the Chase Subpoena is untimely.

### A. The Court Lacks Subject Matter Jurisdiction Over The Persaud Subpoena

Persaud's motion to quash the Subpoena issued to him individually fails due to sovereign immunity and consequent lack of subject matter jurisdiction.

"Absent a waiver of sovereign immunity, the Federal Government is immune from suit." *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S. Ct. 1965, 1969 (1988); *accord Federal Housing Administration v. Burr*, 309 U.S. 242, 244, 60 S. Ct. 488, 490 (1940). The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 770, (1941); *see also United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 2965 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). This doctrine extends to agencies, which may be sued only when there has been an express Congressional waiver of sovereign immunity, and then only in the specific manner that Congress has provided. *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368 (1990); *see also Long Island Radio Co. v. National Labor Relations Board*, 841 F.2d 474, 477 (2d Cir. 1988) ("Any waiver of the government's sovereign immunity is to be strictly construed in favor of the government"). Without waiver of sovereign immunity, the Court has no subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (dismissing case for lack of subject matter jurisdiction where a limited waiver of sovereign immunity did not apply); *Lipkin v. United States Securities and Exchange Commission*, 468 F. Supp.2d 614, 621 (S.D.N.Y. 2006) (reasoning that "if the United States has not waived its sovereign immunity, or if the conditions of such a waiver have not been met, the Court lacks subject matter jurisdiction over the claim").

As explained above, the customer-challenge provision of the RFPA applies only to subpoenas issued to financial institutions, not to subpoenas seeking financial records from other sources. 12 U.S.C. § 3410(a)(1) (requiring that "the applicant is a customer of the financial institution from which financial records pertaining to him have been sought"); *see also Jerry T. O'Brien*, 467 U.S. at 736 (Congress has "imposed a carefully limited obligation on the SEC under the Right to Financial Privacy Act to notify bank customers of administrative subpoenas issued to banks"); *Irani v. United States*, 448 F.3d 507, 509-10 (2d Cir. 2006) (The RFPA "imposes limits on the Government's access to records of financial institutions concerning individual customers"); *Corley v. Vance*, 365 F. Supp.3d 407, 452 (S.D.N.Y. 2019) ("The RFPA is intended to protect the privacy of customer's financial records held by banks and other financial institutions"). While the TD and Chase Subpoenas fall squarely under the RFPA, the Subpoena issued to Persaud in his individual capacity does not. Persaud does not cite any authority waiving sovereign immunity beyond the RFPA in support of his motion. Accordingly, he has failed to demonstrate waiver of sovereign immunity over the Persaud Subpoena, and the Court lacks subject matter jurisdiction over that part of his claim.

**B.    The TD Subpoena Is Moot**

TD already responded to the TD Subpoena but had no responsive documents to produce to the SEC. (SEC Opp. at 1.) The SEC contends the motion is rendered moot as a result (*id.* at 7-8), and Persaud's reply does not contend otherwise. The Court agrees. Persaud's motion to quash the TD Subpoena is moot because TD did not have responsive documents in its possession, custody, or control.

**C.     Persaud's Challenge To The Chase Subpoena Is Untimely**

Persaud failed to challenge the Chase Subpoena within the time prescribed by the RFPA.  As a result, his challenge to that Subpoena must be dismissed.

The SEC mailed the Chase Subpoena, with notice to Persaud, on October 1, 2024. Persaud's motion to quash was not entered on the docket until November 1, 2024.  That period of 30 days falls outside the limited time period for bringing a claim under the RFPA, i.e., "[w]ithin ten days of service or within fourteen days of mailing."  12 U.S.C. § 3410(a). Persaud claims he mailed copies of his motion papers *to the SEC* on October 10, 2024 – within the fourteen-day period after the time the SEC mailed the Subpoenas to him (Dkt. 1 at ECF 3) – but the package received by the SEC was post-marked October 16, 2024 – outside the fourteen-day period (SEC Opp. at 9).  Regardless, what matters is when Persaud filed the instant action, not when he provided notice to the SEC.

Moreover, filing occurs upon the date the motion papers are received by the Clerk of Court, not the date when the party mailed their submission to the Court.  *Rosas v. Berry Plastics (Pliant LLC)*, 649 F. App'x 3, at *4 (2d Cir. 2016) ("The date of mailing is irrelevant because filing is complete only when papers are delivered into the custody of the clerk"); *see also* Fed. R. Civ. P. 5(d)(2)(A) (if not filed electronically, a paper is "filed by delivering it[] to the clerk"); *Greenwood v. State of New York*, *Office of Mental Health (OMH)*, 842 F.2d 636, 639 (2d Cir. 1988) (defining filing "as the delivery of papers into the actual custody of the proper officer, designated by statute") (brackets and internal quotation marks omitted).  According to Court records, that day was November 1, 2024. Accordingly, Persaud's claim is untimely.  *See Siegfried v. Inspector General of United States Department of Agriculture*, 163 F. Supp.2d 170, 173 (E.D.N.Y. 2001) (dismissing motion to quash as untimely where recipient filed motion 10 days after the 14-day

8

deadline and citing other cases dismissing motions to quash for untimeliness); *Mackey*, 1997 WL 114801, at *1 (dismissing motion to quash as untimely where recipient filed motion 2 days after the 14-day deadline).

Persaud nonetheless argues in reply that he filed his motion "on a timely basis when [notice of the subpoenas] was received." (Persaud Reply at 5.) He does not explain the basis for that contention. As Persaud is proceeding *pro se*, the Court liberally construes his assertion as an argument that he mailed his motion to quash to the Court on October 10, 2024 – even though there is no proof that he did – and that the time limitations of the RFPA should be equitably tolled from that date until docketed by the Clerk of Court on November 1, 2024. *See, e.g.*, *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (courts are obliged to afford a liberal construction of pro se plaintiffs' arguments to raise the "strongest arguments that they suggest"). Equitable tolling is the doctrine by which courts pause the running of a statute of limitations when a party "has pursued his rights diligently but some extraordinary circumstance" prevents him from meeting a deadline. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10, 134 S. Ct. 1224, 1231-32 (2014). Persaud has not demonstrated either the diligence or extraordinary circumstances required to invoke the doctrine.[2]

---

[2] Decisions are not uniform on whether the time limitation of 12 U.S.C. § 3410(a) is jurisdictional or not; if jurisdictional, then equitable tolling is not available to Persaud. *Compare, e.g.*, *Douglas v. United States*, 410 F. Supp.2d 292, 296 (S.D.N.Y. 2006) (finding the limitations period of § 3410(e) is not jurisdictional, although not addressing whether equitable tolling is available), *with, e.g.*, *Mandel & Mandel LLP v. United States S.E.C.*, No. 09-21430, 2009 WL 10711962, *1 (S.D. Fla. Sept. 22, 2009) ("Based on the statutory language of § 3410, as well as the nature of the proceeding involved – i.e., an SEC investigation, this Court finds that limitations period of 12 U.S.C. § 3410 is jurisdictional, and therefore the doctrine of equitable estoppel is inapplicable"). The Court need not resolve that issue here as Persaud has not demonstrated either the diligence or extraordinary circumstances required for equitable tolling to apply.

"[E]quitable tolling will … be denied if [the plaintiff] has not acted with reasonable diligence throughout the period to be tolled." *Owens v. Keyser*, No. 18-CV-11638, 2020 WL 9596014, at *4 (S.D.N.Y. Sept. 25, 2020), *R. & R. adopted*, 2021 WL 1948339 (S.D.N.Y. May 13, 2021); *see also Viti v. Guardian Life Insurance Co. of America*, 817 F. Supp.2d 214, 228 (S.D.N.Y. 2011) ("plaintiff bears the burden of demonstrating that he or she acted with 'reasonable diligence' throughout the period she seeks to toll"). Nothing in the factual record suggests that Persaud was diligent in making sure to meet the limited time period for properly lodging a challenge. He does not assert, for instance, that he made any effort to see that the Court had received or docketed his motion papers. *See Chalom v. Perkins*, No. 97-CV-9505, 1998 WL 851610, at *5 (S.D.N.Y. Dec. 9, 1998) ("Equitable tolling is not available when it is the fault of the claimant for failing to exercise due diligence in meeting the filing deadlines").

Even if there were evidence that Persaud had acted diligently, he would still need to show "that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). As that formulation suggests, there must be a causal relationship between the extraordinary circumstances and the plaintiff's failure to file on time. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Persaud does not identify any impediment to his being able to file within the statutory time frame, let alone extraordinary circumstances. In sum, Persaud is not entitled to equitable tolling; his claim challenging the Chase Subpoena is untimely; and the claim therefore must be dismissed.

**D.    The Subpoenas Are Relevant To A Legitimate Law Enforcement Inquiry**

Even if Persaud's motions did not fail for the reasons stated above, they would fail

on the merits because there is "reason to believe that the records sought are relevant to a legitimate law enforcement inquiry."  12 U.S.C. § 3407(1); *see also id*. § 3410(c) (providing that a subpoena will be quashed if the Court finds no "demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry").

Section 3401(8) defines "law enforcement inquiry" as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto."  12 U.S.C. § 3401(8).  The SEC has demonstrated that it is engaged in a legitimate law enforcement inquiry of potential violations of federal securities laws.  The SEC initiated a formal investigation based on evidence that despite Persaud's not registered with the SEC as an investment advisor or registered representative of a broker-dealer, he received a series of checks denoted as "investments."  (SEC Opp. at 2-3.)

It is reasonable to believe that the documents sought are relevant to the SEC's investigation.  "The statutory language does not demand that the subpoenaed documents be demonstrably relevant."  *Douglas*, 410 F. Supp.2d at 297.  Rather, there need only be a "reasonable belief that the records sought are relevant to [the law enforcement] inquiry."  12 U.S.C. § 3410(c).  That standard is easily met here.  The Subpoenas primarily request documents related to Persaud's financial accounts, including those for which the SEC has direct evidence of suspicious monetary transfers and deposits.

"By showing that plaintiff has a connection to activity it is charged to investigate, the SEC has shown reason for a belief that the bank records it seeks here contain relevant information."  *In re United States Securities and Exchange Commission Private*

11

*Investigation/Application of John Doe Re Certain Subpoenas*, No. M8-85, 1990 WL 119321, at *2 (S.D.N.Y. Aug. 10, 1990); *see also United States v. Wilson*, 571 F. Supp. 1417, 1420 (S.D.N.Y. 1983) (holding that where a plaintiff can be associated with a bank account, his or her "bank records are clearly relevant to the government's prosecution," regardless of whether plaintiff controlled the account). Accordingly, the Court finds that there is reason to believe that the records sought by the Subpoenas are relevant to the SEC's legitimate law enforcement inquiry of Persaud and RRTP.

## CONCLUSION

For the foregoing reasons, Persaud's motions to quash are DENIED. To the extent not discussed above, the Court has considered all of Persaud's arguments and determined them to be moot or without merit.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 17, 2025
      New York, New York

Copies transmitted this date to all counsel of record.